Filed 1/17/24  P. v. Grandberry CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY LEE GRANDBERRY,<br><br>    Defendant and Appellant. | A167349<br><br>(Del Norte County Super. Ct. No. CRPB165093) |

## I.  BACKGROUND

Henry Lee Grandberry was serving a life sentence for murder when, on April 11, 2017, a jury found him guilty of felony possession of a dirk or dagger while confined in state prison.  (Pen. Code,[1] § 4502, subd. (a).)  Grandberry admitted to two prior strike offenses (§§ 667, subds. (b)–(i), 1170.12)—a 1996 conviction for first degree murder (§ 187, subd. (a)) and a 1988 conviction for second degree robbery (§ 211)—as well as a prior prison term within the meaning of section 667.5, subdivision (b).  (*People v. Grandberry* (2019) 35 Cal.App.5th 599, 602, 604.)  The trial court, however, subsequently allowed Granberry to withdraw his admission to the 1996 strike due to an incorrect

---

[1] All statutory references are to the Penal Code.  All rule references are to the California Rules of Court.

admonition as to its consequences. At sentencing on August 10, 2017, the trial court sentenced Grandberry to a total prison term of nine years, to run consecutively to his current sentence of 84 years to life. (*Id.* at p. 604.) Specifically, Grandberry was sentenced to the four-year aggravated term for the offense, which was doubled due to the single prior strike, along with one additional year for the prior prison term enhancement, for a total of nine years. We affirmed Grandberry's conviction on appeal. (*Id.* at p. 611.)

On August 24, 2022, the Del Norte County superior court appointed an attorney for Grandberry, ruling that he was entitled to resentencing under section 1172.75. With exceptions not relevant here, this section renders invalid any sentence enhancement that was imposed before January 1, 2020, under section 667.5, subdivision (b), and it requires a full resentencing. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966–968 (*Carter*).) The resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court may also consider postconviction factors indicating that circumstances have changed since the original sentencing. (*Id.*, subd. (d)(3).)

At the resentencing hearing on January 12, 2023, the court struck Grandberry's one-year enhancement as required by section 1172.75, subdivision (a). The court allowed Grandberry to make a statement and present various certificates regarding rehabilitative activities he had participated in while incarcerated. It found Granberry to be "articulate and intelligent," took him at his word that he was participating in the identified programs, and concluded that Grandberry was working toward rehabilitation.

2

While the court doubted it could provide any relief under newly enacted subdivision (c) of section 1385, the court stated it "was inclined to consider [] the law change regarding mitigated, middle, and aggravated terms." (See § 1170, subd. (b).) Starting at the middle term, the court found three factors in aggravation: (1) "[t]he defendant has engaged in violent conduct that indicates a serious danger to society"; (2) "[t]he defendant's prior convictions as an adult . . . are numerous or of increasing seriousness"; and (3) "[t]he defendant has served a prior term in prison or county jail under section1170(h)." (Rule 4.421(b)(1)-(3).) It concluded there were no factors in mitigation other than the rehabilitation efforts Grandberry had described. The court concluded that the aggravated circumstances "still do outweigh the circumstances of mitigation, albeit he's working towards it." It therefore resentenced Grandberry to eight years—the four-year aggravated term for the offense doubled due to the prior strike.

Grandberry appealed.

## II.  DISCUSSION

### A.    *The Trial Court Did Not Err in Reimposing the Upper Term*

Grandberry first argues that the trial court erred in imposing the upper term during resentencing because it relied on factors in aggravation that were not properly established as required by recent amendments to section 1170, subdivision (b). He concedes that defense counsel failed to object on this ground in the trial court and thus the claim has been forfeited. (See *People v. Scott* (1994) 9 Cal.4th 331, 351.) He asserts we should nevertheless reach the issue because defense counsel was ineffective for failing to object on this basis below.

To establish a claim of ineffective assistance, Grandberry must show that his counsel's representation fell below an objective standard of

reasonableness under prevailing professional norms and that the deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable. (*In re Champion* (2014) 58 Cal.4th 965, 1007.) As Grandberry cannot establish prejudice on this record, his claim of ineffective assistance necessarily fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703 [ineffective assistance claim fails if defendant makes an insufficient showing on either component].)

As stated above, section 1172.75 states generally that a trial court must apply ameliorative changes in the law when resentencing pursuant to its terms. (§ 1172.75, subd. (d)(2).) But the statute specifically provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant[] or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4), italics added.) The plain import of this language is that a resentencing court need not comply with the changes to subdivision (b) of section 1170 (which are set forth essentially verbatim in subdivision (d)(4)) in cases where the original sentencing court imposed the upper term. It appears that we could affirm on this basis alone.

However, even if the resentencing court was required to follow the current version of section 1170, subdivision (b) before reimposing the aggravated term in this case, it did so. Grandberry testified that he had been incarcerated for 23 years after being convicted of first degree murder in 1996. He also testified that he was convicted in 1988 of second degree robbery and that, since 1988, he had never been out of prison for more than five years. Given this testimony, Grandberry later admitted the two prior strike

convictions and the prison prior. The court found a factual basis for the admissions both in the two prison packets that had been presented to it (which reportedly showed two abstracts of judgment and Granberry's time "in and out of prison"), and in Grandberry's own testimony. Thus, Grandberry essentially stipulated to the facts underlying the circumstances in aggravation—that he had engaged in violent conduct indicating a serious danger to society (first degree murder); that his prior convictions as an adult were of increasing seriousness (1988 robbery followed by 1996 murder); and that he had served a prior term in prison for both his prior strikes (1988 robbery and 1996 murder).

Moreover, even if there was some defect in proof as to one or more of the aggravating factors, there is no reasonable probability that the result would have been more favorable to Grandberry had defense counsel pressed the matter. First, even though Grandberry was allowed to withdraw his formal admission to the murder conviction for purposes of sentencing, he still admitted to it in his trial testimony and the original sentencing court found a factual basis for his plea based on that testimony and the prison packets it had before it. Thus, if pressed on this point, there is no doubt the prosecution could have produced a certified record of conviction satisfying the requirements of section 1170, subdivision (b)(3) for the resentencing court. Second, we disagree with Grandberry that use of a prior prison term in aggravation here constitutes an impermissible dual use of facts because "[e]very person 'confined in any penal institution' " for purposes of section 4502 necessarily has a prior conviction, making such prior conviction an element of the offense.[2] Section 4502, subdivision (a) states: "Every person

_____

[2] Section 4502 defines "penal institution" broadly to include "the state prison, a prison road camp, prison forestry camp, or other prison camp or farm, or a county jail or county road camp." (§ 4502, subd. (c).)

who, while *at or confined in* any penal institution . . . , possesses or carries upon his or her person or has under his or her custody or control . . . any dirk or dagger or sharp instrument . . . is guilty of a felony." (Italics added.) It is clear that a defendant could be "at or confined in a penal institution" without being convicted of a crime, such as when someone is held awaiting trial. Finally, even if defectively proved, the resentencing court was aware of all of the underlying facts supporting the aggravating factors and found that those factors still outweighed any mitigation. In short, we see no reasonable probability of a different result had trial counsel raised the issues now pressed by counsel on appeal.

**B.     *Section 1385, Subdivision (c) Does Not Apply to Prior Strikes***

Effective January 1, 2022, Senate Bill 81 amended section 1385 to add subdivision (c). (Stats. 2021, ch. 721, § 1.) The newly added subdivision lists specific mitigating factors a court must consider when deciding whether to strike an enhancement from a defendant's sentence in the interests of justice. (§ 1385, subd. (c); *People v. Burke* (2023) 89 Cal.App.5th 237, 242–243 (*Burke*).) As stated above, at the resentencing hearing in January 2023 defense counsel discussed the new legislation, but ultimately concluded it was inapplicable on the facts before the court. The trial court agreed, stating it doubted it had the authority to take any action under the legislation. Granberry argues that this matter must be remanded for another resentencing because the trial court failed to exercise its discretion under subdivision (c) of section 1385 with respect to his prior strike conviction and his attorney was ineffective for failing to press the matter at the hearing. We disagree.

Under subdivision (c)(1) of section 1385, a trial court "shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal

6

of that *enhancement* is prohibited by an initiative statute."  (Italics added.)

"In exercising its discretion [under subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the *enhancement*, unless the court finds that dismissal of the *enhancement* would endanger public safety."  (§ 1385, subd. (c)(2), italics added.)

The term "enhancement" has a well-established technical meaning—it refers to " 'an *additional term* of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)  The Three Strikes law, in contrast, provides *an alternative sentencing scheme* for an offense under certain specified circumstances.  (*Burke*, *supra*, 89 Cal.App.5th at p. 243, citing *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 527 ["The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than an enhancement"].)  Accordingly, the amended provisions regarding whether to strike sentencing *enhancements* do not apply when determining whether to strike *prior strike convictions* under the Three Strikes law.  (*People v. Olay* (2023) 98 Cal.App.5th 60, 64–69 [Division 5 of First District reaching this conclusion based on the statutory language and a review of relevant legislative history]; *Burke*, at p. 244 [conclusion of Third District based on the plain language of the statute].)  Since subdivision (c) of section 1385 does not apply to prior strike convictions, there is no reasonable probability of a different outcome in this case had the issue been preserved in the trial court.  Thus, Grandberry is again unable to establish ineffective assistance of counsel.

## III.  DISPOSITION

The trial court's January 12, 2023 resentencing order is affirmed.

HUMES, P. J.

WE CONCUR:

BANKE, J.

CASTRO, J.*

A167349N

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9